## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00464-SCT

*IVAN MILES*

*v.*

*CITY OF GULFPORT*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/97 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN J. MAGGIO |
| ATTORNEY FOR APPELLEE: | STEVEN J. MILLER |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 3/18/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/14/99 |

**BEFORE PRATHER, C.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. On October 25, 1993, the Department of Public Safety suspended appellant Ivan Miles's drivers license for driving under the influence. Miles was subsequently convicted. He appeals his conviction to this Court alleging that criminal prosecution for driving under the influence in violation of Miss. Code Ann. § 63-11-30 subsequent to suspension of his drivers license pursuant to Miss. Code Ann. § 63-11-23(2) constitutes a violation of the double jeopardy clauses of the United States and Mississippi Constitutions.

¶2. In *Keyes v. State*, this Court recently and thoroughly considered the precise issue raised by Miles and found no valid double jeopardy claim. *Keyes v. State*, 708 So. 2d 540 (Miss. 1998). Relying on the "same-elements test" established by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932) and subsequently reiterated in *United States v. Dixon*, 509 U.S. 688 (1993) (plurality), this Court stated:

> Keyes argues that he has already been punished for felony DUI by suspension of his license for one year, and that the State is precluded from further prosecution. Even assuming that ALS [administrative license suspension pursuant to § 63-11-23(2)] is sufficiently punitive to invite a double jeopardy analysis, we conclude that it requires different elements than conviction under § 63-11-30 and thus does not preclude subsequent prosecution under that section.

*Keyes*, 708 So. 2d at 544.

¶3. This issue has been fully considered and settled by *Keyes*. Accordingly, the lower court was correct in finding Miles had no valid double jeopardy claim, and we affirm its judgment.

¶4. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**